**United States District Court**
**Eastern District of Kentucky**
**(Frankfort Division)**

| | | |
|---|---|---|
| | ) | |
| | ) | |
| Michael Dean Vaughan | ) | Civil Action No. 3:10-cv-00005-DCR |
| | ) | |
| | ) | |
| **Plaintiff** | ) | Judge:  Danny C. Reeves |
| | ) | |
| **vs.** | ) | |
| Mary Elizabeth Brigham | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| | ) | **TO CONDUCT EXPEDITED DISCOVERY** |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

Plaintiff in the above listed Civil Action, pursuant to Fed.R.Civ.P. 26(d), 30(a), 33(a) and

34(b), hereby respectfully submits his Memorandum in Support of Plaintiff's Motion for Leave to

Conduct Expedited Discovery from the Defendant Mary Elizabeth Brigham and the third party, the

Kentucky National Guard.

### INTRODUCTION

For the reasons set forth in Plaintiff's Complaint [Record No.2],  and Memorandum in

Support of his Motion for Preliminary Injunction [Attachment to Record No.3], the factual recitations

of which are adopted as if fully set forth herein, Plaintiff is entitled to injunctive relief against the

Defendant in order to prevent further injury and harm caused by Defendant's Defamatory statements.

In order to fully protect his rights and put forth to the Court the complete factual record for

preliminary injunctive relief, Plaintiff is entitled to conduct expedited discovery prior to the hearing

on his Motion for Preliminary Injunction. As such, Plaintiff respectfully requests the Court enter an

order for expedited discovery pursuant to Rules 26(d), 30(a), 33(a) and 34(b) of the Federal Rules of

Civil Procedure.  Specifically, Plaintiff moves the Court to allow the immediate service of

subpoena's to the above-referenced parties on the specific issues relevant to Plaintiff's Motion for Preliminary Injunction. Plaintiff seeks the following discovery tailored to carry his burden of proof for preliminary injunctive relief and to prevent further irreparable harm to the Plaintiff.

1. Subpoena's for Production of Documents from the Kentucky National Guard: Specifically, All E-mails including metadata and full headers, electronic or physical documents, correspondence records, investigative records, or any other records electronic or physical, relating to any statements made by Mary Elizabeth Brigham (AKA Mary Elizabeth Kounovsky, or AKA Mary Elizabeth Goad) OR her agents regarding Michael Dean Vaughan (AKA 1LT Michael Dean Vaughan) to any member of the KY National Guard from Aug12th 2009 to Current Date.

2. Subpoena's for Production of Documents from the Defendant Mary Elizabeth Brigham: All E-mails including metadata and full headers, electronic or physical documents, correspondence records, investigative records, or any other records electronic or physical, relating to any statements made by the Defendant OR her agents regarding Michael Dean Vaughan (AKA 1LT Michael Dean Vaughan) to any member of the KY National Guard from Aug12th 2009 to Current Date.

**ARGUMENT**

**I.      EXPEDITED DISCOVERY IS APPROPRIATE PRIOR TO A PRELIMINARY INJUNCTION HEARING AND EXPRESSLY RECOGNIZED IN THE FEDERAL RULES OF CIVIL PROCEDURE.**

Federal Rule of Civil Procedure 26 grants a court the ability to control the timing and sequence of discovery in the interests of justice and to grant expedited discovery even before a Case Management Conference is held. FRCP 26(d); *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. 841, 844 (D.D.C. 1996). District Courts in the Sixth Circuit apply a "good cause" standard in

evaluating motions for expedited discovery. *Whitfield v. Hochshied*, 2002 WL 1560267, at *1 (S.D. Ohio, July 2, 2002) (determining that Rule 26 allows courts "to order expedited discovery upon a showing of good cause."). Here, Plaintiff has shown "good cause" for this Court to grant expedited discovery and an accelerated briefing schedule to permit adequate discovery prior to a hearing on Plaintiff's Motion for Preliminary Injunction.

Accelerating discovery by court order is "appropriate in some cases such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction." Advisory Committee Notes, 1993 Amendments, Subdivision (d) of Rule 26; 8 C Wright, et al., FEDERAL PRACTICE AND PROCEDURE, § 2046.1 at 592 (2d ed., 1994). Courts grant a party's request for expedited discovery if expedited discovery will allow a party to fully develop the factual case in support of preliminary injunctive relief. *See Ellsworth*, 917 F. Supp. at 844; *Optic-Electronic Corp. v. United States*, 683 F.Supp 269, 271 (D.D.C. 1987) (granting expedited discovery motion so that a preliminary injunction hearing could be held); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (same). In fact, courts permit expedited discovery to allow a plaintiff to determine whether to even seek preliminary injunctive relief. *See P.T.C. Brands, Inc. v. Conwood Co. L.P.*, 28 U.S.P.Q.2d 1895, 1897 (W.D. Ky. 1993) (discussing where a motion for expedited discovery was filed and granted prior to the filing of a preliminary injunction motion) and *Asahi Glass Co., Ltd. v. Toledo Engineering Co., Inc.*, 262 F.Supp.2d 845, 847 (N.D. Ohio 2003).

Where, as here, discovery is necessary and proper for the preparation and presentation of evidence at a preliminary injunction hearing, the appropriate course is to order expedited discovery as to relevant issues and, if necessary, continue the hearing until such time as the parties can obtain proper discovery and present it to the court. *Ramm Indus. Co. v. Chapman Performance Products, Inc.*, 18 F.R. Serv. 2d 1531 (N.D. Ill. 1974); *Gardner Denver Drum, LLC v. Goodier*, 2006 WL 1005161 (W.D. Ky April 14, 2006) (granting expedited discovery to form a complete record to hear Motion for Temporary Restraining Order). Moreover, a court should grant a request for expedited

discovery where circumstances exist that would likely prejudice a party if it were required to wait the requisite period to conduct discovery in accordance with the Federal Rules of Civil Procedure. *Gibson v. Bagas Restaurants*, 87 F.R.D. 60, 62 (W.D. Mo. 1980).

## II.   PLAINTIFF HAS DEMONSTRATED THE NECESSARY "GOOD CAUSE" FOR THE GRANTING OF EXPEDITED DISCOVERY PRIOR TO A PRELIMINARY INJUNCTION HEARING.

Plaintiff has satisfied the "good cause" standard for the granting of expedited discovery. First, the good cause standard can be satisfied where, as here, a party seeks a preliminary injunction. *See, e.g., Ellsworth Associates, Inc.* 917 F.Supp. at 844; *Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc.,* 858 F.Supp. 1268, 1269 (S.D.N.Y.1994). Expedited discovery will provide the evidence needed to place before the Court a complete record in support of Plaintiff's Motion for Preliminary Injunction. *See Optic-Electronic Corp. v. United States,* 683 F.Supp. 269, 271 (D.D.C.1987).

As Defendant has viciously attacked the Plaintiff with the Defamatory Statements that have caused him to lose his job and his reputation, there is good cause to permit the Plaintiff the ability to fully unearth the level and depth of her attacks on the Plaintiff and how much irreparable harm that has been done and is continuing to be done. As this Court is well aware, the dangers of irreparable harm and the powers of preliminary injunction are equally substantial such that expedited discovery is necessary to aid the parties and the Court in preventing irreparable harm and in granting the appropriate scope of preliminary injunctive relief.

Second, as set forth in Plaintiff's Memorandum in Support for a Preliminary Injunction [Attachment to Record No.3], Plaintiff is currently and will continue to suffer irreparable harm if Defendant's continued Defamatory Statements are permitted to remain on the record.

Third, there is an obvious connection between expedited discovery and the avoidance of continued irreparable injury to the Plaintiff.   Defendant's statements have caused the Plaintiff to lose

a job, lose his reputation, and be investigated by the Kentucky National Guard. The severity and measure of the irreparable harm to the Plaintiff increases the longer her statements are allowed to remain on the record and unchallenged.

The irreparable injury that will result to the Plaintiff without expedited discovery and a preliminary injunction hearing is greater than any injury that the Defendant may suffer if the expedited relief is granted. Simply put, the injury to the Defendant from accelerated scheduling of discovery in this action will be *de minimis*, if any injury were actually to materialize, while the irreparable injury to the Plaintiff increases exponentially over time.

Thus, the Plaintiff Michael Vaughan has shown "good cause" and his Motion for Leave to Conduct Expedited Discovery should be granted. Indeed, any other result would be directly contrary to, and inconsistent with, the interests of justice, either forcing this Court to rule on the Plaintiff's preliminary injunction motion without complete information available in the record or to permit irreparable injury to proceed while the parties wait for the expiration of standard discovery deadlines. For these reasons, it is not surprising that courts routinely grant expedited discovery where, as here, a request for preliminary injunction has been made. *Pod-Ners, LLC v. Northern Feed and Bean of Lucerne Ltd.*, 204 F.R.D. 675 (D. Colo. 2002); *Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc.*, 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994).

**III.     PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY IS TAILORED TO PREVENT FURTHER IRREPARABLE HARM AND CARRY HIS BURDEN OF PROOF FOR THE GRANTING OF PRELIMINARY INJUNCTIVE RELIEF.**

In applying the "good cause" standard under Rule 26(d), the court should consider the scope of the requested discovery. *See Merrill Lynch, Pierce, Fenner & Smith v. O'Conner*, 194 F.R.D. 618, 624 (N.D. Ill 2000)(in conjunction with requests for expedited discovery relevant to a preliminary

injunction motion, courts should inquire as to the "reasonableness of the request in light of all the surrounding circumstances"); *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.,* 1998 WL 404820 (E.D.Pa.1998) (denying motion for expedited discovery where movant's discovery requests were overly broad and not reasonably tailored to the specific issues to be addressed at the preliminary injunction hearing); *In re Websecure, Inc. Securities Litigation,* 1997 WL 770414 (D.Mass.1997) (finding that expedited discovery was both "particularized" and "necessary to prevent undue prejudice"). In support of Plaintiff's Motion for Preliminary Injunction, Plaintiff seeks leave to conduct expedited discovery tailored to prevent further irreparable harm and to carry the Plaintiff's burden of proof for the granting of preliminary injunctive relief.

Simply put, the discovery request's are germane to the Plaintiff's claims, narrowly tailored to address the subject of the preliminary injunction hearing and will aid in the expeditious resolution of this matter in order to prevent further irreparable harm to the Plaintiff Michael Vaughan. *See General Envtl. Science Corp. v. Horsfall,* 25 F. 3d 1048 (6th Cir. 1994)(allowing expedited discovery which sought to "acquire documents that go to the very heart of [plaintiff's] allegations"); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 277 (N.D. Cal. 2002)(granting expedited discovery which would "substantially contribute to . . . moving the case forward); *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.,* 1998 WL 404820 (E.D.Pa.1998).

## CONCLUSION

While the Defendant Mary Elizabeth Brigham has taken concerted actions to destroy the Plaintiff's reputation via vicious Defamatory Statements, the Plaintiff must now take on the roll of detective to provide a complete record demonstrating the violation of the Plaintiff by the Defendant, and in fact, justice demands that the Plaintiff Michael Vaughan be permitted this opportunity to create a complete record prior to the preliminary injunction hearing. As the Plaintiff has demonstrated "good cause" for the granting of leave to conduct expedited discovery, Plaintiff's

Motion for Leave to Conduct Expedited Discovery should be granted without delay. A proposed

Order is tendered herewith.

Dated: March 1st, 2010

Respectfully submitted,
BY:

MICHAEL DEAN VAUGHAN
Plaintiff (*PRO SE*)
118 Frazier Rd
Frankfort, KY 40601
(502) 682-7664