UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-05-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARY ELIZABETH BRIGHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Michael Vaughan's Renewed Motion for Default Judgment. [Record No. 52] For the following reasons, Vaughan's motion will be denied.

This case arises from an undeniably unique set of facts. Vaughan's Complaint [Record No. 2] sets out causes of action for defamation, false light, and intentional infliction of emotion distress. Despite the fact that Vaughan entered and then subsequently withdrew two different affidavits of service [Record Nos. 6, 7, 12], the record indicates that the Plaintiff was finally served a copy of the complaint and summons, by personal service, on February 23, 2010. [Record No. 13] Because neither an answer nor responsive pleading was timely filed, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk filed an entry of default against Defendant Mary Brigham on March 29, 2010. [Record No. 15] Vaughan then moved the Court for a default judgment. [Record No. 23]

At a hearing, on September 28, 2010, the Court denied Vaughan's request for a default judgment, finding that he had made false statements to the Court. [Record No. 45] On April 18, 2011, Vaughan filed a renewed motion for default judgment. [Record No. 52] However, the law of the case doctrine precludes the relief sought by Vaughan. This doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). A court is precluded from rehearing or reconsidering issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir. 1989)). In short, the Court has previously denied Vaughan's request for a default judgment, and that ruling stands.[1]

Further, Rule 55(c) provides that a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). The Sixth Circuit has established three factors to consider in determining whether good cause exists to set aside a default: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d

---

[1] "The law of the case doctrine precludes reconsideration of a previously decided issue unless one of three 'exceptional circumstances' exists: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (citing *Hanover Ins. Co.*, 105 F.3d at 312). None of these "exceptional circumstances is presented in the present case. *See id.*

290, 292 (6th Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). When the entry of default has not yet ripened into a default judgment, "a somewhat more lenient standard is applied." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *Waifersong*, 976 F.2d at 292 ("[T]he methodolgy for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment.").

The Court believes that all three weigh in favor of setting aside the Clerk's entry of default. First, on a review of the record, it is likely the defendant has at least one meritorious defense to the claims asserted. Second, the Court sees no evidence which indicates that the default was predicated by culpable conduct on the part of the defendant. Finally, while this decision inevitably causes some measure of prejudice to the plaintiff who would certainly prefer to resolve his claims without them being tested by the judicial process, the prejudice is outweighed by the court's "strong preference for trials on the merits." *Shepard*, 796 F.2d at 193. The Court considers these factors, in combination with its previous concerns regarding Vaughan's conduct, and finds that there is good cause to set aside the previous entry of default.

Accordingly, it is hereby **ORDERED** as follows:

1) Plaintiff Michael Vaughan's Renewed Motion for Default Judgment [Record No. 52] is **DENIED**.

2) The Clerk is directed to **SET ASIDE** the previous entry of default [Record No. 15].

This 21st day of June, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge