Eastern District of Kentucky
FILED

JUN 2 8 2011

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**United States District Court**
**Eastern District of Kentucky**
**(Frankfort Division)**

| | |
|---|---|
| Michael Dean Vaughan, | ) Case No.: No. [3:10-CV-5-DCR] |
| Plaintiff, | ) |
| | ) Judge: Danny C. Reeves |
| vs. | ) Magistrate: Edward B. Atkins |
| Mary Elizabeth Brigham (AKA Mary | ) **MOTION TO RECONSIDER** |
| Elizabeth Kounovsky, or AKA Mary Elizabeth | ) |
| Goad), | ) |
| Defendant | ) |

## <u>MOTION TO RECONSIDER</u>

Pursuant to FRCP 59(e), 60(b), and KY CR 60.02, plaintiff respectfully requests that this Court reconsider its June 21st, 2011 Order Denying the Plaintiff's Renewed Motion for Default Judgment and the setting aside of the entry of default. The grounds in support of this motion are set forth below and in the accompanying Memorandum submitted herewith. In support of his motion, the Plaintiff states as follows:

1. The Honorable Judge Reeves mistakenly misstated the court record by stating as fact within his order (Doc. 63, Pg 2) that "the Court denied Vaughan's request for a default judgment, **finding that he had made false statements to the Court.**" [Emphasis Added]. Unfortunately, the plaintiff could not find such a statement in the order (Doc. 45), or in the motion to quash hearing court transcript (Doc. 47) where this order or that such a finding was ever made. The plaintiff asserts that the court denied the initial Default Judgment based on the fatally flawed and fraudulent Motion to Quash submitted by the KY National Guard and its subsequent hearing that was the subject of the order "September 28, 2010".

2. Furthermore, this honorable court cites "the law of the case doctrine" as a guiding principle for denying the Plaintiff's motion. However, the court fails to consider that Federal and KY Case law show that this honorable court has a great deal of discretion in applying this principle especially considering the facts of the case and the pending Motion for Sanctions

regarding the fraudulent statements that were the basis of the third party the KY National Guard's Motion to Quash (Doc. 35) filed by LTC Dylan.

3. Moreover, the court decided Sua Sponte to set aside a proper 'clerks entry of default' without a motion having been filed by the Defendant in this case ostensibly so that this case may be decided on their merits.  It is argued that the PRO SE Defendant has intentionally refused to respond with responsive pleadings even after receiving legal advice nor intends to participate in this proceeding appears to have been missed by this honorable court. Moreover, no 'meritorious defense' has ever been advanced by the Defendant in this action as she has failed to file any responsive pleading and is herself the one who obviously does not want to have the merits of the case *tested by the judicial process*,".  By this action, the court creates extreme prejudice to the plaintiff as it denies him the opportunity to move forward in this action and puts the case in legal limbo.

**WHEREFORE,** the Plaintiff prays that this court set aside the Order Denying the Plaintiff's Renewed Motion for Default Judgment, thereby granting the Renewed Motion for Default Judgment and reinstating the entry of default against the plaintiff.

**Respectfully submitted**

Dated this 28th day of June, 2011

MICHAEL DEAN VAUGHAN
PLAINTIFF (PRO SE)
9681 CLOVERIDGE DR.
INDEPENDENCE, KY 41051
(859) 628-8449

**United States District Court**
**Eastern District of Kentucky**
**(Frankfort Division)**

Michael Dean Vaughan,

        Plaintiff,

        vs.

Mary Elizabeth Brigham (AKA Mary Elizabeth Kounovsky,

or AKA Mary Elizabeth Goad),

        Defendant

) Case No.: No. [3:10-CV-5-DCR]
)
)
) Judge: Danny C. Reeves
) Magistrate: Edward B. Atkins
)
)
) **MEMORUNDUM IN SUPPORT OF**
) **PLAINTIFF'S MOTION TO RECONSIDER**
)
)

*A lawyer shall not; (f) present, participate in presenting, or threaten to present criminal or disciplinary charges solely to obtain an advantage in any civil or criminal matter;*

**-Kentucky SCR 3.130(3.4)**

## I.    INTRODUCTION

Mary Elizabeth Brigham (AKA Mary Elizabeth Kounovsky, or AKA Mary Elizabeth Goad, "Defendant"), is viciously and aggressively disparaging, defaming and harassing Michael Dean Vaughan, in an apparent effort to punish him for not leaving his formerly estranged wife of 12 years.

## II.    LAW AND ANALYSIS

In the federal court system, the "Law of the Case" doctrine applies only to issues that have been decided explicitly (or by necessary implication) by a court. A court need not elucidate or explain its decision, but it must "decide[ ] upon a rule of law." Christianson, 486 U.S. at 817, 108 S.Ct. 2166; Schiro v. Farley, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (applying preclusive effect where issue was "determined by a valid and final judgment") (emphasis added); Rouse v. DaimlerChrysler Corp., 300 F.3d 711, 715 (6th Cir.2002) (**finding an abuse of discretion** where law of the case was applied and, after "careful review," **the issue was never actually decided**...[emphasis added]); In re Big Rivers Elec. Corp., 355 F.3d 415, 443 (6th Cir.2004) (**noting that a decision of a court requires an order** [Emphasis added]); accord Amelkin v. McClure, 330 F.3d 822, 828-29 (6th Cir.2003). Finally, "we recognize that the law of the case doctrine **is discretionary when applied to a coordinate court or the same court's own decisions** [emphasis added]." Bowling v. Pfizer, Inc., 132

F.3d 1147, 1150 (6th Cir.1998) (citing United States v. Todd, 920 F.2d 399, 403 (6th Cir.1990)); See Christianson, 486 U.S. at 817, 108 S.Ct. 2166 (acknowledging the limits of the doctrine in situations of clearly erroneous rulings); In re Kenneth Allen Knight Trust, 303 F.3d 671, 677-78 (6th Cir.2002) (doctrine is discretionary when a court reviews its prior erroneous decision); Perillo v. Johnson, 205 F.3d 775, 780-81 (5th Cir.2000) (doctrine is a matter of judicial discretion rather than judicial power when a court is reviewing its own prior decision).

This court denied the Plaintiff's initial Motion for Default Judgment was denied for the following reason:

(The Court; Transcript of the Proceedings, Motion to Quash Hearing, Docket No. 47, Pg. 50)

"9 **The motion for default judgment will be denied based**

10 **upon my** <u>**preliminary determination**</u> **that the plaintiff has**

11 **engaged in fraudulent conduct with the Court and it would be**

12 **improper for the Court to enter a judgment based upon the**

13 **testimony that has been presented.**"

This court did **NOT** find that "**finding that [the Plaintiff] had made false statements to the Court**". The court denied the initial Default Judgment based on the fatally flawed and fraudulent Motion to Quash submitted by the KY National Guard and its subsequent hearing that was the subject of the order "September 28, 2010".

This honorable court noted in its June 21st, 2011 order that "A court is precluded from rehearing or reconsidering issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." Quoting "Hanover Ins. Co. v. Am. Eng'g Co., 105 F.3d 306,312 (6th Cir. 1997) (quoting Coal Res., Inc. v. Gulf & Western Indus., Inc., 865 F.2d 761, 766(6th Cir. 1989))." However, this court should have noted in the same decision(s) that "As we have held, however, this "law of the case" doctrine is "*directed to a court's common sense*" and is not an "*inexorable command.*" Id. at 494. We previously have stated three reasons to reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. Id.; Coal Resources, 865 F.2d at 767."

Two of these reasons apply in the present case. Those issues are to be determined at a court hearing on June28th, 2011. This courts erroneous decision denying the Plaintiff's initial Motion for Default Judgment (Doc No. 32) based on the Motion to Quash (Doc No. 35) is now the subject of a Motion for Sanctions. Commonsense dictated that this hearing on June 28th, 2011 should have been held and considered PRIOR to any order regarding the plaintiff's renewed Motion for Default Judgment (Doc No. 52).

Moreover, this court must also rule considering KY Law. Specifically, the American Erie doctrine applies regardless of how the federal court may hear a state claim. Whether the federal court decides a state law issue vis-a-vis diversity jurisdiction or bankruptcy jurisdiction, the federal court must honor state common law when deciding state law issues. See, generally, United Mine Workers v. Gibbs, 383 U.S. 715 (1966) and Butner v. United States, 440 U.S. 48 (1979). As a general rule in the Commonwealth of Kentucky, "[t]he doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the lawsuit." Hallahan, 138 S.W.3d 699 at 705 n. 4. A judge, however, does have the discretionary authority to reconsider a ruling. Id. "Generally, a judge may reexamine an earlier ruling and rescind it if he has a reasonable conviction that it was wrong and it would not cause undue prejudice to the party that benefited from it." Id.

Moreover, and of particular relevance here, "The State Supreme Court is the final arbiter of the application of the doctrine of law of the case. King v. West Virginia, 216 U.S. 92, 30 S.Ct. 225, 54 L.Ed. 396 (1910). The doctrine of law of the case is based on policy and is not inflexible. See 5 Am.Jur.2d Appeal and Error § 751 (1964). Courts are not absolutely bound by the doctrine and may exercise discretion in its application. United States v. U.S. Smelting, Refining & Mining Co., 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750 (1950). The Federal Constitution contains nothing that requires adherence to the law of the case. Reliance on a law of the case argument is misplaced. The doctrine is reserved for situations where the decision of a superior court within the same judicial organization is binding on a subsequent trial court of that judicial organization or upon itself. See Loverett v. Veatch, 268 Ky. 797, 105 S.W.2d 1052 (1937)." Sherley v. Com., 889 SW 2d 794 - Ky: Supreme Court 1994. Moreover, "**As applied in Kentucky, the law of the case doctrine applies only to rulings by an appellate court and not to rulings by a trial court** [emphasis added]. Scamahorne v. Commonwealth, 376 S.W.2d 686, 687-88 (Ky.1964). See also United States v. Akers, 702 F.2d 1145, 1147-48 (D.C.Cir.1983). While some

courts take a more liberal view of the doctrine and have applied it to trial court rulings, see e.g., United States v. Alexander, 106 F.3d 874, 876-77 (9th Cir.1997), we decline to join them."; Dickerson v. Com., 174 SW 3d 451 - KY: Supreme Court 2005.

### III.   CONCLUSION

As set forth hereinabove, there can be no question that 1) that "the Court denied Vaughan's request for a default judgment, **finding that he had made false statements to the Court**." was erroneous, 2) that this courts blind adherence to the "Law of the Case" Doctrine was an abuse of discretion as the courts initial denial of the plaintiff's Motion for Default Judgment was based on the fatally flawed and fraudulent Motion to Quash submitted by the KY National Guard and its subsequent hearing that was the subject of the order "September 28, 2010" which itself is the subject of a Motion for Sanctions Hearing on June 28th, 201. In Kentucky, the Law of the Case Doctrine is only applicable to Appellate courts and not to Trial courts.  Moreover, this ruling created a manifest injustice to the Plaintiff and that fails to acknowledge the new evidence of the fraud upon the court that was committed by the KY National Guard nor the prejudice incurred by the Plaintiff with the seotting aside of the Entry of Default as the Defendant refuses to respond to this lawsuit.

**Respectfully submitted,**

Dated this 28th day of June, 2011

MICHAEL DEAN VAUGHAN
PLAINTIFF (PRO SE)
9681 CLOVERIDGE DR.
INDEPENDENCE, KY 41051
(859) 628-8449

## CERTIFICATE OF SERVICE

I attest under penalty of perjury that the Foregoing was served by regular U.S. Mail on this 28th day of June 2011, to the following:

Kentucky Army National Guard
Office of the Staff Judge Advocate
LTC Dylan Seitz
100 Minuteman Parkway
Frankfort, KY 40601

Mary Elizabeth Brigham (Kounovsky, Goad)
*OBIGYN* Clinic, Madigan Army Medical Center
BLDG 9040 Fitzsimmons Dr.
FT. Lewis, WA 98431

Mary Kounovsky (Mary Elizabeth Brigham)
3800 Ensign Rd. Apt. A5
Olympia, W A. 98506

This the _____28_____ day of _____June_____, 2011.

MICHAEL DEAN VAUGHAN
PLAINTIFF (PRO SE)
9681 CLOVERRIDGE DR.
INDEPENDENCE, KY 41051
(859) 628-8449

COUNTY OF _____Kenton_____

Subscribed and sworn to before me on _____6-28-2011_____

My Commission Expires _____10-13-2012_____

**Notary Public** _____

OFFICIAL SEAL
GINA JONES
NOTARY PUBLIC KENTUCKY
STATE-AT-LARGE
My Comm Expires Oct. 13, 2012