UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL DEAN VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-05-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARY ELIZABETH BRIGHAM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for review of Plaintiff Michael Vaughan's Motion for Reconsideration. [Record No. 78] In short, Vaughan's current motion perfectly exemplifies the point the Court made in its previous Memorandum Opinion and Order. [*See* Record No. 76] Despite Vaughan's beliefs, this case is *not* a referendum on the Kentucky National Guard's investigation into his alleged harassment. Yet, Vaughan's motion repeatedly argues that this Court has failed to consider such items as: whether the Guard has jurisdiction to "make a determination of 'guilt or innocence'" [Record No. 78, p. 4], whether the Guard's investigation followed proper military protocol [*id.*], and whether the Guard properly disclosed records of its investigation [*id.*, pp. 8–11]. Such considerations are not relevant to this case. Vaughan's behavior — attempting to use this suit to collaterally attack his Guard disciplinary proceedings — is precisely what led the Court to conclude he was using this case for improper purposes.

The Court dismissed Vaughan's case for two reasons: (1) as mentioned, his conduct revealed that he had filed this case in bad faith and for an improper purpose; and (2) he

committed perjury. [*See* Record No. 76] Vaughan's motion for reconsideration, in addition to exemplifying the first conclusion, does not alter the second. Vaughan argues that he has been asserting the same claim, which the Court found to be perjury, since 2009. [Record No. 78, p. 2] However, a lie oft repeated is no less a lie.

Vaughan also continues to argue that he was, in fact, coerced. However, Vaughan's argument is misguided. The Court first asked Vaughan about his sworn statement at the September 28, 2010 hearing. [*See* Record No. 47] Immediately, Vaughan indicated that the statement was unreliable because he was on narcotics at the time of giving it. [*Id.*, p. 15] However, after walking Vaughan through the statement, he admitted that the overwhelming majority of the statement was true. [*Id.*, pp. 16–26] At that time, the Court was dubious that Vaughan could have provided remarkably accurate factual detail, but that a single line of the statement was influenced by narcotics. [*Id.*, p. 26 ("So you're able to provide all of this other information in this statement that you affirm was true, but this one section you say was not true because you were out of your mind because you were on some type of medication.")] In response, Vaughan indicated that he had been "coached" and "coerced" into making the false statement. [*Id.*] Vaughan now argues that he was ordered by a commanding officer to provide a statement, and thus, his statement was coerced. However, even if the Court believed Vaughan's current assertions, its opinion would not change. There is a vast difference between being ordered to provide *a* statement and being coerced into providing a *false* statement. At the September 28, 2010 hearing, Vaughan stated that he was coerced into providing *false*

information. The Court found that statement to be perjury, and nothing Vaughan has argued in his present motion changes the Court's conclusion.

Motions to reconsider are not "designed to give an unhappy litigant an opportunity to relitigate matters already decided." *Davison v. Roadway Express, Inc.*, 562 F. Supp. 2d 971, 985 (N.D. Ohio 2008). Although Vaughan disagrees with the Court's ruling, it is more appropriate for him to challenge the findings by means of appeal, rather than rehearsing the same arguments in a motion to reconsider. Vaughan has not demonstrated a clear error of law in the Court's previous ruling. *See Moore v. Coffee Cnty.*, 402 F. App'x 107, 108 (6th Cir. 2010). Any new evidence he may have submitted is irrelevant to the Court's findings.[1] Vaughan has failed to make a case for relief under Rule 59. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Michael Vaughan's Motion for Reconsideration [Record No. 78] is **DENIED**.

2. Vaughan's Emergency Ex Parte Motion [Record No. 79] is **DENIED**.

This 15th day of July, 2011.



---

1 On July 14, 2011, Vaughan filed an "Emergency" Motion asking the Court to issue a subpoena to the Kentucky National Guard for an official copy of the transcript of his Guard disciplinary hearing. [Record No. 79] As previously explained, the Guard's disciplinary process and findings are irrelevant to Vaughan's behavior in this Court and the findings that predicated the Court's dismissal of his case. Thus, Vaughan's emergency motion for a subpoena does not establish new evidence sufficient to cause the Court to reconsider its previous decision.